IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TOWN OF LAC DU FLAMBEAU,

                    Plaintiff,

     v.

U.S. DEPARTMENT OF THE INTERIOR,          Case No. 23-cv-582-wmc
and BUREAU OF INDIAN AFFAIRS,

                    Defendants.

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, U.S. Department of the Interior and Bureau of Indian Affairs, by undersigned counsel, submit this Answer to the Complaint filed on August 24, 2023, by Plaintiff Town of Lac Du Flambeau (Plaintiff) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq.* and the Administrative Procedure Act (APA), 5 U.S.C. § 701, *et seq.* All allegations in the Complaint, including the relief sought, are denied except when specifically admitted herein. Defendants admit, deny, or otherwise aver as follows:

## NATURE OF ACTION

**Complaint ¶ 1:**  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., for injunctive and other appropriate relief, seeking the immediate processing and release of records requested by Plaintiff from Defendants.

**Answer:**  Paragraph 1 contains Plaintiff's characterization of the Complaint and this lawsuit, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

## JURISDICTION AND VENUE

**Complaint ¶ 2:**  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties, pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-706. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B).

**Answer:**  Paragraph 2 contains Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendants do not contest at this time that this Court has jurisdiction subject to the terms and conditions of FOIA and the Privacy Act, but any jurisdiction under the APA is lacking in light of Plaintiff's FOIA claim.

## PARTIES

**Complaint ¶ 3:**  Plaintiff, Town of Lac du Flambeau ("Town"), is a Wisconsin municipality which maintains its principal offices at 109 Old Abe Road, Lac du Flambeau, Wisconsin.

**Answer:**  Admit.

**Complaint ¶ 4:**  Defendant, Department of Interior ("DOI") is a Department of the Executive Branch of the United States Government. DOI is an agency within the meaning of 5 U.S.C. § 552(f). The components of DOI include the Office of the Bureau of Indian Affairs.

**Answer:** Defendants admit that Department of Interior is an agency of the United States Government and its components include the Bureau of Indian Affairs.

### FOIA REQUEST TO THE BUREAU OF INDIAN AFFAIRS

**Complaint ¶ 5:** On February 23, 2023, the Town of Lac du Flambeau, through its legal counsel submitted the following 26 FOIA requests via the FOIA.gov website to the Bureau of Indian Affairs all of which are attached hereto as Exhibit A:

1) For Annie Sunn Lane, which bears a location of F55432 Rt 5168/10, and is located on Page 125 of the Official Indian Reservation Road Inventory attached hereto, please provide any and all application materials submitted by the…Band…to have that road placed on the…Inventory.

2) For Annie Sunn Lane, which bears a location of F55432 Rt 5168/10, and is located on Page 125 of the Official Indian Reservation Road Inventory attached hereto, please provide any and all documentation demonstrating or evidencing funds received by the…Band…to construct or maintain that road.

3) For Annie Sunn Lane, which bears a location of F55432 Rt 5168/10, and is located on Page 125 of the Official Indian Reservation Road Inventory attached hereto, please provide any and all documentation demonstrating or evidencing that any portion of that road, or any land underlying any portion of that road, is held in trust by the United States of America for the…Band….

3

4)  For BIA Tract #432-7A51, which is set forth on the attached Map of Definite Location for Annie Sunn Lane, please provide all of the following: (a) allotments; (b) patents; (c) certificates of competency; (d) deeds; and (e) rights of way.

5)  For BIA Tract #432-7A51, which is set forth on the attached Map of Definite Location for Annie Sunn Lane, please provide any and all documentation demonstrating or evidencing that any portion of the tract is held in trust by the United States of America for the…Band….

6)  For BIA Tract #432-7G16, which is set forth on the attached Map of Definite Location for Annie Sunn Lane, please provide all of the following: (a) allotments; (b) patents; (c) certificates of competency; (d) deeds; and (e) rights of way.

7)  For BIA Tract #432-7G16, which is set forth on the attached Map of Definite Location for Annie Sunn Lane, please provide any and all documentation demonstrating or evidencing that any portion of the tract is held in trust by the United States of America for the…Band….

8)  For BIA Tract #432-T 2047, which is set forth on the attached Map of Definite Location for Annie Sunn Lane, please provide all of the following: (a) allotments; (b) patents; (c) certificates of competency; (d) deeds; and (e) rights of way.

9)  For BIA Tract #432-T 2047, which is set forth on the attached Map of Definite Location for Annie Sunn Lane, please provide any and all

4

documentation demonstrating or evidencing that any portion of the tract is held in trust by the United States of America for the…Band….

10) For East Ross Allen Lake Lane, which bears a location of F55432 Rt 5231/10, and is highlighted on Page 126 of the Official Indian Reservation Road Inventory attached hereto, please provide any and all application materials submitted by the…Band…to have that road placed on the…Inventory.

11) For East Ross Allen Lake Lane, which bears a location of F55432 Rt 5231/10, and is highlighted on Page 126 of the Official Indian Reservation Road Inventory attached hereto, please provide any and all documentation demonstrating or evidencing funds received by the…Band…to construct or maintain that road.

12) For East Ross Allen Lake Lane, which bears a location of F55432 Rt 5231/10, and is highlighted on Page 126 of the Official Indian Reservation Road Inventory attached hereto, please provide any and all documentation demonstrating or evidencing that any portion of that road, or any land underlying any portion of that road, is held in trust by the United States of America for the…Band….

13) For BIA Tract #432-T2056, which is set forth on the attached Map of Definite Location for East Ross Allen Lake Lane, please provide all of the following: (a) allotments; (b) patents; (c) certificates of competency; (d) deeds; and (e) rights of way.

14) For BIA Tract #432-T2056, which is set forth on the attached Map of Definite Location for East Ross Allen Lake Lane, please provide any and all documentation demonstrating or evidencing that any portion of the tract is held in trust by the United States of America for the…Band….

15) For Center Sugarbush Lane, which bears a location of F55432 Rt 5286/810, and is highlighted on Page 127 of the Official Indian Reservation Road Inventory attached hereto, please provide any and all application materials submitted by the…Band of Lake Superior Chippewa Indians to have that road placed on the…Inventory.

16) For Center Sugarbush Lane, which bears a location of F55432 Rt 5286/810, and is highlighted on Page 127 of the Official Indian Reservation Road Inventory attached hereto, please provide any and all documentation demonstrating or evidencing funds received by the…Band… to construct or maintain that road.

17) For Center Sugarbush Lane, which bears a location of F55432 Rt 5286/810, and is highlighted on Page 127 of the Official Indian Reservation Road Inventory attached hereto, please provide any and all documentation demonstrating or evidencing that any portion of that road, or any land underlying any portion of that road, is held in trust by the United States of America for the…Band….

6

18) For BIA Tract #432-7D13, which is set forth on the attached Map of Definite Location for Center Sugarbush Lane, please provide all of the following: (a) allotments; (b) patents; (c) certificates of competency; (d) deeds; and (e) rights of way.

19) For BIA Tract #432-7D13, which is set forth on the attached Map of Definite Location for Center Sugarbush Lane, please provide any and all documentation demonstrating or evidencing that any portion of the tract is held in trust by the United States of America for the…Band….

20) For Elsie Lake Lane, which bears a location of F55432 Rt 5278/10, and is highlighted on Page 127 of the Official Indian Reservation Road Inventory attached hereto, please provide any and all application materials submitted by the…Band… to have that road placed on the…Inventory.

21) For Elsie Lake Lane, which bears a location of F55432 Rt 5278/10, and is highlighted on Page 127 of the Official Indian Reservation Road Inventory attached hereto, please provide any and all documentation demonstrating or evidencing funds received by the…Band…to construct or maintain that road.

22) For Elsie Lake Lane, which bears a location of F55432 Rt 5278/10, and is highlighted on Page 127 of the Official Indian Reservation Road Inventory attached hereto, please provide any and all documentation

7

demonstrating or evidencing that any portion of that road, or any
land underlying any portion of that road, is held in trust by the
United States of America for the…Band….

23) For BIA Tract #432-7H60, which is set forth on the attached Map of
Definite Location for Elsie Lake Lane, please provide all of the
following: (a) allotments; (b) patents; (c) certificates of competency;
(d) deeds; and (e) rights of way.

24) For BIA Tract #432-7H60, which is set forth on the attached Map of
Definite Location for Elsie Lake Lane, please provide any and all
documentation demonstrating or evidencing that any portion of the
tract is held in trust by the United States of America for the…Band….

25) For BIA Tract #432-T 2094, which is set forth on the attached Map of
Definite Location for Elsie Lake Lane, please provide all of the
following: (a) allotments; (b) patents; (c) certificates of competency;
(d) deeds; and (e) rights of way.

26) For BIA Tract #432-T 2094, which is set forth on the attached Map of
Definite Location for Elsie Lake Lane, please provide any and all
documentation demonstrating or evidencing that any portion of the
tract is held in trust by the United States of America for the…Band….

**Answer:** Paragraph 5 contains Plaintiff's description of the records requests to

Defendants (Complaint, Exhibit A), to which no response is required. Exhibit A speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendant admits that Plaintiff's records requests are quoted correctly.

**Complaint ¶ 6:**  Confirmation emails from FOIA.gov were received for each of the 26 requests.

**Answer:**  Defendants lack the knowledge or information sufficient to admit or deny the allegations set forth in this paragraph and therefore deny it.

**Complaint ¶ 7:**  After some correspondence about requests to expedite and fee waivers, the Town through counsel confirmed in a letter on March 10, 2023 to Michelle Corbine, Midwest Regional Office FOIA Coordinator, that the Town wished to pursue each request.

**Answer:** Admit.

**Complaint ¶ 8:**  In a letter dated April 12, 2023, Courtney Jones, Realty Specialist sent fee classification letters for each of the requests. She also indicated in that memo that she looked "forward to getting you documents and final responses here shortly."

**Answer:**  Defendants admit to the allegations set forth in this paragraph with the exception that the quoted language attributed to Ms. Jones is in an email, not a memorandum.

**Complaint ¶ 9:**  On May 1, 2023, 67 days after the requests were submitted, the Town through counsel sent a letter to Ms. Jones asking for an update on the responses.

**Answer:** Defendants admit to receiving an email from Plaintiff dated May 1, 2023, and to the allegation set forth in this paragraph.

**Complaint ¶ 10:**  On May 9, 2023, Ms. Jones responded via email saying that she has "completed a review of the responsive documents" and that "redactions are waiting for concurrence." She also indicated that a formal response to the Town's May 1, 2023 letter was prepared and will be sent when it is approved.

**Answer:**  Admit.

**Complaint ¶ 11:**  On May 24, 2023, 90 days after the requests were submitted, counsel for the Town, once again asked Ms. Jones for an update on the status of the requests. No response was received from Ms. Jones.

**Answer:** Defendants admit to receiving an email from Plaintiff dated May 24, 2023, and to the remaining allegations set forth in this paragraph.

**Complaint ¶ 12:**  On May 31, 2023, 97 days after the requests were submitted, counsel for the Town emailed Ms. Jones again asking for an update on the status of the requests.

**Answer:** Admit.

**Complaint ¶ 13:**  On June 5, 2023, Ms. Jones responded to the Town's request for a status update. She specified the final responses and responsive documents were "awaiting concurrence from our Solicitor." Ms. Jones indicated she was "hopeful" and that responses would be sent "in the next two weeks."

**Answer:** Admit.

**Complaint ¶ 14:**  On June 29, 2023, 126 days after the requests were submitted, counsel for the Town once again emailed Ms. Jones for an update on the requests.

**Answer:** Admit.

10

**Complaint ¶ 15:**  On July 5, 2023, Ms. Jones sent an email response indicating that 7 responses were awaiting signature and would be sent within the next day, 7 responses would be released July 7, and 4 responses would be released once the others were released. She did not address the remaining 8 requests.

**Answer:** Admit.

**Complaint ¶ 16:**  On August 9, 2023, 167 days after the requests were submitted, counsel for the Town sent an email to Ms. Jones asking for a status update since more than a month had elapsed since the last email. This email correspondence requested the full and complete responses within ten days of the communication or an action would be filed in Federal District Court.

**Answer:** Admit.

**Complaint ¶ 17:**  On August 16, 2023, Ms. Jones responded saying that she "put a request to the Solicitor's Office for an update on the timeline for review of the proposed redactions" and that she would "forward the interim letters that should have been sent…."

**Answer:** Admit.

**Complaint ¶ 18:**  The Town waited another eight days from the August 16, 2023 communication but received nothing.

**Answer:** Admit.

**Complaint ¶ 19:**  Despite the fact that 182 days have now passed since the requests were initially made no documents have been received.

**Answer:** Admit.

**Complaint ¶ 20:**  The Defendants have never denied the requests or claimed any exemption.

**Answer:** Defendants admit that they never denied Plaintiff's requests or informed Plaintiff of any exemption. However, Defendants deny that they never claimed any exemptions over documents responsive to the requests.

**Complaint ¶ 21:**  The Town is deemed to have exhausted administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i) and may seek immediate relief in federal district court.

**Answer:** Paragraph 21 consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in this paragraph.

**Complaint ¶ 22:**  Upon information and belief, the Defendants' failure to produce the requested documents, which seek information relative to the four town roads barricaded by the Lac du Flambeau Band of Lake Superior Chippewa Indians of the Lac du Flambeau Reservation of Wisconsin ("Band") was done to gain a strategic advantage in related litigation regarding the Band's closure of the roads and the United States' claim against the Town for trespass damages and ejectment from the roads.

**Answer:** Denied.

### First Cause of Action:

### Violation of the FOIA for Failure to Make Records Promptly Available

**Complaint ¶ 23:**  Plaintiff repeats and realleges paragraphs 1 through 22.

**Answer:** Defendants repeat and incorporate by reference their responses to paragraphs 1 to 22 set forth above.

**Complaint ¶ 24:** The Defendants violated 5 U.S.C. § 552(a)(3)(A), and the corresponding agency regulations, by failing to make the requested records promptly available.

**Answer:** Denied.

**Complaint ¶ 25:** The Plaintiff is entitled to an award of attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E).

**Answer:** Denied.

<u>**Second Cause of Action:**</u>

<u>**Violation of the FOIA for Failure to Timely**</u>

<u>**Respond to Plaintiff's Request**</u>

**Complaint ¶ 26:** Plaintiff repeats and realleges paragraphs 1 through 25.

**Answer:** Defendants repeat and incorporate by reference their responses to paragraphs 1 to 25 set forth above.

**Complaint ¶ 27:** The Defendants violated 5 U.S.C. § 552(a)(6)(A), and the corresponding agency regulations, by failing to timely comply with these requests.

**Answer:** Denied.

**Complaint ¶ 28:** The Plaintiff is entitled to an award of attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E).

**Answer:** Denied.

<u>**Third Cause of Action:**</u>

## Violation of the FOIA for Failure to Make a

## Reasonable Effort to Search for Records

**Complaint ¶ 29:**  Plaintiff repeats and realleges paragraphs 1 through 28.

**Answer:** Defendants repeat and incorporates by reference their responses to paragraphs 1 to 28 set forth above.

**Complaint ¶ 30:**  The Defendants violated 5 U.S.C. § 552(a)(3)(C), and the corresponding agency regulations, by failing to make reasonable efforts to search for the requested records.

**Answer:** Denied.

**Complaint ¶ 31:**  The Plaintiff is entitled to an award of attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E).

**Answer:** Denied.

## Fourth Cause of Action:

## Violation of the Administrative Procedure Act for

## Failure to Grant Requests for Records

**Complaint ¶ 32:**  Plaintiff repeats and realleges paragraphs 1 through 31.

**Answer:** Defendants repeat and incorporate by reference their responses to paragraphs 1 to 31 set forth above.

**Complaint ¶ 33:**  Defendants' failure to grant Plaintiff's requests for information was arbitrary, capricious, an abuse of discretion, not in accordance with applicable law, and without observance of procedures required by law, all in violation of the Administrative Procedure Act, 5 U.S.C. § 701, et seq.

14

**Answer:** Denied.

**Complaint ¶ 34:**  The Plaintiff is entitled to an award of attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E).

**Answer:** Denied.

## RESPONSE TO REQUEST FOR RELIEF

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

1.      Some the records and requested information in Plaintiff's requests are exempt in whole or in part under the FOIA. *See* 5 U.S.C. § 552, *et seq.*

2.      Plaintiff has not alleged sufficient factual or legal bases to request costs or attorney's fees.

3.      The Court lacks subject matter jurisdiction over any matter to the extent Plaintiff failed to satisfy prerequisites to suit, as well as over any requests or allegations that are not contained in a FOIA request at issue in this action.

4.      The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by the FOIA.

5.      Plaintiff's requests for information are overbroad and/or not reasonably described.

6.      Plaintiff's requests for information seek information protected by the Privacy Act to which Plaintiff is not entitled.

15

7.      At all times alleged in the Complaint, Defendants were acting in good faith, with justification, and pursuant to authority.

8.      Plaintiff's APA claim is precluded by its FOIA claim because FOIA provides Plaintiff an adequate remedy and thus, the APA does not provide Plaintiff with a separate claim independent from its FOIA claim.

9.      Defendants respectfully request and reserve their right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint has become known through the course of the litigation.

Dated this 27th day of September, 2023.

Respectfully submitted,

TIMOTHY M. O'SHEA
United States Attorney

By: s/Albert Bianchi, Jr.
ALBERT BIANCHI, JR.
Assistant United States Attorney
222 West Washington Ave., Suite 700
Madison, Wisconsin 53703
Telephone: (608) 264-5158
Facsimile: (608) 264-5724
Albert.Bianchi@usdoj.gov

Of Counsel
Teresa Garrity
United States Department of the Interior
Office of the Solicitor