IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TOWN OF LAC DU FLAMBEAU

        Plaintiff,

    v.                                        Case No. 23-cv-582-wmc

U.S. DEPARTMENT OF THE INTERIOR
and BUREAU OF INDIAN AFFAIRS,

        Defendants.

**FED. R. CIV. P. 26(f) REPORT**

Plaintiff Town of Lac du Flambeau and Defendants U.S. Department of the Interior and Bureau of Indian Affairs (collectively, "Parties"), by their attorneys, hereby submit this proposed discovery plan and report pursuant to the Court's docket entry of October 3, 2023, and Fed. R. Civ. P. 26(f)(2). On October 26, 2023, the Parties, represented by their attorneys, held a telephone conference pursuant to Fed. R. Civ. P. 26(f) and the Court's standing order governing preliminary pretrial conferences. The Court has scheduled a Fed. R. Civ. P. 16(b) telephonic pretrial conference for November 2, 2023, at 1:30 pm. On that day, Plaintiff's counsel, Frank W. Kowalkowski, will initiate the conference call to Magistrate Judge Crocker's chambers. The Parties have provided separate statements or proposals where indicated.

**PROPOSED DISCOVERY PLAN**

**I.      PRETRIAL CONFERENCE ORDER TOPICS**

   **A.      A concise statement of the nature of the case.**

   1.      Plaintiff's Statement

Plaintiff's complaint alleges claims under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.* and the Administrative Procedure Act (APA), 5 U.S.C. § 701, *et seq.* Specifically, Plaintiff alleges that on February 23, 2023, it submitted 26 FOIA requests online to the Bureau of Indian Affairs. After various back-and-forth correspondence over the course of 182 days, Defendants neither denied Plaintiff's FOIA requests or produced any documents. Plaintiff brought this suit to obtain documents responsive to its FOIA requests. Plaintiff maintains the Defendants' defenses may have been waived or are otherwise precluded.

   2.      Defendants' Statement

Defendants agree that the Bureau of Indian Affairs received Plaintiff's 26 FOIA requests on February 23, 2023. Defendants have been and continue to work diligently to search for, obtain, and review documents responses to Plaintiff's 26 FOIA requests. Defendants maintain various defenses to production of documents in response to the requests, including but not limited to Plaintiff's requests for information seek information protected by the Privacy Act to which Plaintiff is not entitled.

**B.     The names of any related cases.**

This case is related to Town of Lac du Flambeau v. Newland, No. 23-cv-541-wmc (filed Aug. 7, 2023) and United States v. Town of Lac du Flambeau, Case No. 23-cv-355-wmc (filed May 31, 2023). The former case is an action under the Administrative Procedure Act seeking judicial review of a July 2023 act by Bryan Newland, Assistant Secretary for Indian Affairs, United States Department of the Interior, to remove the four roads that form the main subject matter of the instant case from the National Tribal Transportation Facility Inventory. The latter case is a civil action brought by the United States against the Town of Lac du Flambeau pursuant to the federal common law of trespass, seeking declaratory relief, damages, and ejectment to remedy the Town of Lac du Flambeau's alleged unauthorized use and occupancy of land to which the United States alleges it holds title in trust for the Lac du Flambeau Band of Lake Superior Chippewa Indians of the Lac du Flambeau Reservation of Wisconsin and individual Indian allottees.

**C.     A specific statement of the material factual and legal issues to be resolved at trial.**

The Parties contend the following factual and legal issues may need to be resolved by the Court:

- Documents responsive to Plaintiff's FOIA request to which it is entitled.
- The timeliness of Defendants' efforts.
- The adequacy of the Defendants' search for documents.
- Documents responsive to Plaintiff's FOIA requests.
- Redactions of documents responsive to Plaintiff's FOIA requests.
- Waiver or other preclusion of Defendants' assertion of exemptions or redactions of documents.
- Sufficing of *Vaughn* Index provided by Defendants.

- Attorney fees owed to Plaintiff.

D. **A description of any amendments to the pleadings that any party intends to make.**

The Parties do not anticipate any amendments to the pleadings at this time. However, the Town may amend its complaint after receipt of the FOIA responses and *Vaughn* Index and *Vaughn* Declarations.

E. **The identity of any new parties to be added, including an explanation as to why these parties must (or should) be added.**

The Parties do not anticipate the addition of any new parties at this time.

F. **The estimated trial length.**

The Parties believe any dispute about responsive documents or redactions can be resolved via briefing and, if necessary, oral argument.

G. **Any other matter affecting the just, speedy and inexpensive disposition of this case, or which the Court should take into account in setting the schedule.**

The Parties are not aware of any other matters affecting the just, speedy, and inexpensive disposition of this case, or which the Court should take into account in setting the schedule.

H. **Proposed case schedule.**

   1. **Defendants' Proposed Schedule**

| CASE EVENT DEADLINES | PARTIES' PROPOSED DATES |
|---|---|
| First joint-notice filed with Court regarding progress of document production | December 8, 2023 |
| Second joint-notice filed with Court regarding progress of document production | February 2, 2024 |
| Third joint-notice filed with Court regarding progress of document production | March 29, 2024 |

| | |
|---|---|
| Fourth joint-notice filed with Court regarding progress of document production | May 24, 2024 |
| Dispositive Motions | July 19, 2024 |

### 2. Plaintiff's Proposed Schedule

| Date | Case Event |
|---|---|
| December 1, 2023 | Defendants to provide their final responses to all of the FOIA requests dated February 3, 2023. The response shall be accompanied by a *Vaughn* Index. (For settlement purposes only and protected by Fed. R. Evd. 408 relating to the withholding of responsive documents, which may aid in a negotiated settlement of this case.) |
| January 2, 2024 | If the case is not resolved informally the defendants will file a final *Vaughn* Index and *Vaughn* Declarations. |
| February 1, 2024 | If the Town wishes to raise substantive challenges to the FOIA productions it may file an amended complaint. |
| March 2, 2024 | The Town may move the court for a more detailed *Vaughn* Index or Declarations, seek *in camera* review of the withheld documents or move the court for limited discovery or other relief which may be deemed appropriate by the court. |
| April 1, 2024 | Dispositive Motions |

## II.   FED. R. CIV. P. 26(f) TOPICS

**A.**   **FED. R. CIV. P. 26(f)(3)(A): What changes should be made in the timing, form, or requirement for disclosures under Fed R. Civ. P. 26(a), including a statement of when initial disclosures were made or will be made.**

The Parties agree that no initial disclosures are necessary.

**B.**   **FED. R. CIV. P. 26(f)(3)(B): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The Parties do not believe that discovery is necessary at this time nor does discovery need to be limited and/or conducted in phases. However, the Parties reserve the right to conduct discovery if it is later determined to be necessary.

    C.    **FED. R. CIV. P. 26(f)(3)(C): Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties have no concerns regarding the disclosure, discovery, or preservation of electronically stored information (ESI), including the form or forms in which it should be produced. The Parties have requested that each side implement a "litigation hold" as to potentially relevant and discoverable ESI that may exist related to Plaintiff's FOIA requests.

    D.    **FED. R. CIV. P. 26(f)(3)(D): Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after productions—whether to ask the Court to include their agreement in an order under Fed. R. Evid. 502.**

All discovery, including ESI, is subject to a privilege review prior to production. The Parties agree that any assertion of privilege or protection of trial preparation materials must be made pursuant to Fed. R. Civ. P. 26(b)(5)(A). The Parties agree that the protections set forth in Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502 are appropriate not only for electronic discovery, but for any other form of discovery that may be disclosed inadvertently. The Parties reserve the right to assert any appropriate privilege or to object to its assertion. The Parties have agreed that the claw-back provision set forth in Fed. R. Civ. P. 26(b)(5)(B) should control.

E.   **FED. R. CIV. P. 26(f)(3)(E): What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and what other limitations should be imposed.**

The Parties do not recommend any changes or additions to the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule.

F.   **FED. R. CIV. P. 26(f)(3)(F): Any other orders that the Court should issue under Fed. R. Civ. P. 26(c) or under Fed. R. Civ. P. 16(b) and (c).**

The Parties do not request any other orders under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c) at this time.

Respectfully submitted,
von Briesen & Roper, s.c.

Dated this 30th day of October, 2023.

/s/ Frank W. Kowalkowski
FRANK W. KOWALKOWSKI
300 N. Broadway, Suite 2B
Green Bay, Wisconsin 54303
T: (920) 713-7800
F: (920) 232-4897
E: frank.kowalkowski@vonbriesen.com

*Attorneys for Plaintiff Town of Lac du Flambeau*

Dated this 30th day of October, 2023.

Respectfully submitted,

TIMOTHY M. O'SHEA
United States Attorney

7

        By: <u>*s/Albert Bianchi, Jr.*</u>
        ALBERT BIANCHI, JR.
        Assistant United States Attorney
        222 West Washington Ave., Suite 700
        Madison, Wisconsin 53703
        Telephone: (608) 264-5158
        Facsimile: (608) 264-5724
        Albert.Bianchi@usdoj.gov
        *Attorneys for United States Department of*
        *Interior and Bureau of Indian Affairs*

<u>Of Counsel</u>:
Teresa Garrity
United States Department of the Interior
Office of the Solicitor